85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael WILCOX, Plaintiff-Appellant,
v.
Richard JOHNSON; Kurt Jones, Deputy Warden; Nick Ludwig;
Kevin Smiley; Sandy Hoffman; Gregory Bria;
Richard Oestrike; Officer Osborne,
Defendants-Appellees.
 No. 95-1754.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Michael Wilcox appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Wilcox sued the warden and various employees at a Michigan prison, alleging that they had violated his constitutional rights by transferring him to another prison in retaliation for filing grievances and assisting other prisoners with their legal problems. The district court adopted a magistrate judge's recommendation and dismissed the case on June 27, 1995. It is from this judgment that Wilcox now appeals.
 
 
 4
 This court reviews an order granting summary judgment de novo. Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 79 (6th Cir.1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 Wilcox does not have a constitutional right to be incarcerated in a particular prison. See Ward v. Dyke, 58 F.3d 271, 274 (6th Cir.), cert. denied, 116 S.Ct. 524 (1995). However, a substantive due process violation may have occurred if the defendants transferred him in retaliation for exercising a constitutional right or if their conduct amounts to an egregious abuse of governmental power that shocks the conscience. See Braley v. City of Pontiac, 906 F.2d 220, 225-26 (6th Cir.1990).
 
 
 6
 Wilcox does not have a constitutionally protected interest in the prison's grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994), cert. denied, 115 S.Ct. 1371 (1995). Indeed, prison officials may transfer an inmate because he has filed numerous grievances, without violating a clearly established constitutional right. Ward, 58 F.3d at 274. Thus, Wilcox's claim fails to the extent that it is based on his history of filing prison grievances.
 
 
 7
 Furthermore, Wilcox does not have a constitutionally protected right to assist other inmates with their legal problems. See Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993). "[P]risoners are entitled to receive legal assistance from jailhouse lawyers where no reasonable alternatives are present and to deny this assistance denies the constitutional right of access to the courts." Id. However, there is no reliable evidence that the defendants' actions prejudiced either Wilcox or the inmates that he may have assisted in any specific litigation before the courts. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Moreover, it is apparent that reasonable alternatives are available that would allow other inmates to pursue their legal claims without Wilcox's help. Therefore, Wilcox's retaliation claim fails insofar as it is based on the alleged exercise of a constitutionally protected right to provide legal assistance to other inmates.
 
 
 8
 In addition, Wilcox has not shown that the defendants' conduct amounted to an egregious abuse of governmental power. The defendants' affidavits plainly indicate that they did not retaliate against Wilcox. The affidavits that Wilcox filed in response are not sufficient to meet his burden of establishing that a genuine issue of material fact remains on this issue. See Fed.R.Civ.P. 56(e). Moreover, Wilcox's reliance on unsworn declarations is unavailing, as they were not made under penalty of perjury and were otherwise insufficient to meet his burden under Rule 56(e). See 28 U.S.C. § 1746.
 
 
 9
 Wilcox also alleged that the defendants violated the Eighth Amendment because he told them that he had an enemy at the institution to which he was transferred. A prison official may be liable for such a claim only if he knows of and disregards an excessive risk to inmate health or safety. Taylor, 69 F.3d at 79. Wilcox's claim fails this test because the defendants' affidavits show that they searched Wilcox's file and found no information that would substantiate his allegations. Moreover, Wilcox has not alleged that he was injured by the other inmate. Instead, it appears that Wilcox was segregated at the other facility and transferred to a third prison when it became apparent that a problem might exist. Again, these facts were not effectively refuted by Wilcox's affidavits or unsworn declarations as required by Rule 56(e). See Knight v. Gill, 999 F.2d 1020, 1022-23 (6th Cir.1993).
 
 
 10
 Finally, Wilcox alleged that the defendants conspired to deprive him of his constitutionally protected rights, in violation of 42 U.S.C. § 1985. This claim lacks merit because Wilcox has not shown that the defendants' actions were based on invidious discrimination against a constitutionally protected class. See Newell v. Brown, 981 F.2d 880, 886-87 (6th Cir.1992), cert. denied, 114 S.Ct. 127 (1993). Moreover, Wilcox has not shown that the defendants violated any of his rights.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation